James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

CACTUS CRAFT OF ARIZONA and Carlos E. Velasco, Defendants-Appellants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

CACTUS CRAFT OF ARIZONA and Carlos E. Velasco, Defendants-Appellees.

Nos. 26919, 26877.

United States Court of Appeals, Ninth Circuit.

June 26, 1973.

Edith Barnett, Washington, D. C., Atty., (argued) Richard F. Schubert, Sol. of Labor, Dept. of Labor, Washington, D. C., Richard Burke, U. S. Atty., Tucson, Ariz., Gennaro J. Ingenito, U. S. Dept. of Labor, San Francisco, Cal., Carin Ann Clauss, Associate Sol., Donald S. Shire, Sylvia S. Ellison, Atty., Dept. of Labor, Washington, D. C., for appellant.

R. Lamar Couser (argued), Tucson, Ariz., for appellee.

Before ELY, CARTER, and TRASK, Circuit Judges.

TRASK, Circuit Judge:

Following an investigation of the labor practices of Cactus Craft of Arizona, the Secretary of Labor brought this action under 29 U.S.C. § 217, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., with respect to minimum wage, overtime compensation, child labor, record keeping and shipping provisions of the Act. The district court's judgment enjoined further violations of the Act and restrained Cactus Craft and Carlos E. Velasco, as the company's principal officer, from continuing to withhold from certain employees unpaid wages due them under the FLSA.

Cactus Craft appeals and the Secretary appeals from a rejection of his contention that Carlos E. Velasco should be individually subject to the trial court's judgment.

Cactus Craft manufactures and distributes novelty and souvenir gift items including cactus lamps, jewelry and numerous other items. Its plant is in Tucson, Arizona. The company is almost solely owned by Velasco and his family. More than two hundred employees have worked for the company during the years 1967–1969, including a number of house workers employed on a piece rate basis. The majority of workers are Mexican-Americans.

Of the 87 persons named as employees in the complaint, Cactus Craft admitted that they had been employed but claimed that 57 of them were involved exclusively in producing and packing orders for intrastate shipments and were not covered by the FLSA provisions. The court ruled that Cactus Craft had failed to prove that its operations were adequately segregated to insure that the intrastate and interstate orders were processed and filled by distinct groups of employees. The Act's minimum wage requirements were therefore held to be applicable to all the employees. The testimony on this issue was conflicting but there was substantial evidence that Cactus Craft's employees worked on various types of goods interchangeably and that there was no separation of tasks on the basis of the ultimate destination of the goods. It was stipulated, furthermore, that since March 1967, Cactus Craft has

shipped and sold 80 percent of its products to out-of-state gift shops. We conclude that there was sufficient evidence to support the judge's ruling.

◼ Cactus Craft further asserts that two employees were exempt from the Act's protection as bona fide executives under 29 U.S.C. § 213(a)(1). That section removes from the Act's minimum wage and overtime compensation protection "any employee employed in a bona fide executive . . . capacity" as that term is "defined and delimited . . . by regulations of the Secretary." A "long" and a "short" test for this executive exemption are set forth in 29 C.F.R. § 541.1 (1967). See Wainscoat v. Reynolds Electrical & Engineering Co., Inc., 471 F.2d 1157 (9th Cir. 1973). It is clear under either test that the employee must be compensated on a salary basis, which is defined in 29 C.F.R. § 541.118. Notwithstanding the assertions that the two alleged "executive" employees were designated as Supervisor and Production Manager and that they had power to hire and fire, to assign work and supervise other employees, the company was unable to prove that the two men were paid on a salary basis as required by the regulations. There is evidence that both men were required to punch a time clock and that they were paid a straight hourly rate although they regularly worked more than 40 hours in a week. This court has previously disposed of the argument that the salary vs. hourly wage distinction should not be determinative so long as the employee is paid more than the required amount per week. Craig v. Far West Engineering Co., 265 F.2d 251, 257–60 (9th Cir.), cert. denied, 361 U.S. 816, 80 S.Ct. 57, 4 L.Ed.2d 63 (1959). Cactus Craft did claim that one of the two alleged "executives" was guaranteed a minimum weekly salary of $180 for 60 hours, "it having been explained to him that he was paid a straight rate for forty hours and time and one-half for the extra twenty hours per week." The trial court, however, based on the conflicting testimony of the employer and the employee determined that the employee was paid on an hourly basis and that he was not given the required overtime compensation. These findings will not be set aside as clearly erroneous. Apart from Cactus Craft's failure to meet the required "salary" test, there was also conflicting evidence as to the percentage of time the two employees spent on supervisory duties. There is some basis for the government's position that the two employees were "working foremen" who were outside the scope of the regulation's definition of an "executive" employee, because their regular tasks included substantial time devoted to production work which was unrelated or only remotely related to supervisory activities. We conclude that the district court's holding denying Cactus Craft's executive exemption defense for two of its employees should be affirmed.

◼ Cactus Craft also objects to the district court's findings regarding the amounts due to its employees because of the company's minimum wage and overtime violations. The court determined that the company should pay overtime compensation to eight employees amounting to a total of $4,391.65. The court rejected as too high the computations of unpaid overtime compensation submitted by the compliance officer who made the investigation for the Secretary of Labor. The compliance officer concluded on the basis of his investigation that weekly overtime hours had been reduced by a third on Cactus Craft's payroll sheets. Although the trial court refused to find overtime violations based on the compliance officer's reconstructed hours, it did find overtime violations for the eight employees who testified that they were paid straight time rates for overtime work. These findings were supported by the evidence and were not clearly erroneous. As to unpaid amounts due to employees because of minimum wage violations, the court did not limit its determination to those employees who testified. Rather, the court concluded that there had been underpay-

ments of minimum wages with respect to six employees who testified that they were paid below the minimum wage, with respect to another 52 employees based on Cactus Craft's records, and with respect to seven homeworkers, three of whom testified, because the records showed that such homeworkers earned approximately $1.00 an hour at piece rates. Cactus Craft conceded that it paid its employees, who were allegedly engaged exclusively in interstate commerce, from 30 to 60 cents less than the statutory minimum. C.T. at 26. The evidence also showed that the homeworkers, who were paid for each piece of work produced, were paid amounts designed to yield approximately $1.00 per hour. The statutory minimum during this period, however, ranged from $1.40 to $1.60 per hour. It is well established that the minimum wage provisions of the FLSA may apply to homeworkers paid on a piece rate basis. Goldberg v. Whitaker House Coop., 366 U.S. 28, 31, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961). We agree with the court's findings that Cactus Craft has withheld payments which must be paid to its employees under the overtime and minimum wage provisions of the Act totaling $10,613.12 plus interest.

■ Cactus Craft challenges the court's determination that a child labor violation occurred. The court found that a minor was engaged in the operation of a power driven machine based in part on Cactus Craft's admission through its attorney that "it is true that the boy . . . did work [at the plant] part of the time under his father's supervision and did use some power drills." R.T. at 58. Cactus Craft contends, however, that power drills are not specifically proscribed for use by minors under 29 C.F.R. § 1500.55 (*as amended*, 29 C.F.R. § 570.55 (1973)), the regulation issued by the Secretary pursuant to the authority conferred by 29 U.S.C. § 203(*l*), which provides:

" 'Oppressive child labor' means a condition of employment under which . . . any employee between the ages of sixteen and eighteen years is employed by an employer in any occupation which the Secretary of Labor shall find and by order declare to be particularly hazardous for the employment of children between such ages or detrimental to their health or well-being ; . . . ."

Under that authority the Secretary has by regulation proscribed employment of minors between 16 and 18 years of age in the operation of power-driven woodworking machines. Such machines are defined in 29 C.F.R. § 1500.55(b) as "all fixed or portable machines or tools driven by power and used or designed for cutting, shaping, forming (or) surfacing . . . wood. . . ." Although the use of a power tool for drilling is not specifically mentioned in the regulation, the use of the drill in Cactus Craft's operations included shaping and forming of pieces of wood so they could be used for lamps. We agree with the district court's determination that operation of a power drill fits within the hazardous operation criteria set by the Secretary as a form of prohibited child labor.

■ Cactus Craft's final contention is that the normal two year statute of limitations should have been applied to this case. The court, however, allowed the action because it was commenced within the three year period set as the statute of limitations for "a cause of action arising out of a willful violation." 29 U.S.C. § 255. There was a sufficient basis for the court's finding that Cactus Craft's violations were willful. Two previous investigations of Cactus Craft's labor practices had resulted in warnings against further violations of the FLSA. Pursuant to a third investigation leading to the present action it was evident that promises of future compliance had not been kept. We agree that Cactus Craft's violations were willful and that the three year statute of limitations was properly applied.

■ The Secretary contends on his cross-appeal that Carlos E. Velasco should have been held jointly liable,

**468**

along with the corporation for the established violations. The court's injunction applies to Velasco as the principal officer of Cactus Craft but the court refused to enjoin Velasco in his individual capacity. We conclude that the bond which has been furnished by Cactus Craft during the pendency of this appeal is sufficient to render moot the question of the personal liability of Velasco to provide unpaid back wages.

The injunction may issue to Cactus Craft of Arizona and to Carlos E. Velasco as its managing agent to restrain against future violations and against any withholding of payments of minimum wages and overtime compensation found to be due to Cactus Craft's employees.